UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD CANNON,

    Plaintiff,

v.

MICHIGAN PAROLE BOARD, *et al.*,

    Defendants.

Case No. 17-14173
Honorable Laurie J. Michelson

**OPINION AND ORDER SCREENING AND DISMISSING COMPLAINT**

Ronald Cannon filed this lawsuit against the Michigan Parole Board and a host of other individuals alleging, among other things, that his parole eligibility date should have been in June 2017 instead of December 2017.

This is not the first lawsuit that Cannon has filed while he has been in prison. And that is relevant because with one exception, a prisoner cannot file suit without paying the filing fee if he "has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g).

Cannon has not paid the filing fee.

And three of Cannon's federal lawsuits were dismissed because they were frivolous, malicious, or failed to state a claim upon which relief may be granted: (1) *Cannon-Bey v. Richards, et al.*, No. 2:91-cv-00248 (W.D. Mich. Dec. 19, 1991) (order dismissing case as "frivolous and without merit"), (2) *Cannon-Bey v. Osier, et al.*, No. 2:99-cv-00165 (W.D. Mich. Dec. 23, 1999) (order finding that suit "is frivolous and fails to state a claim upon which relief

can be granted"), and (3) *Mease et al., v. Curtis et al.*, No. 1:00-cv-00849, slip op. at 1, 5 (W.D. Mich. Nov. 29, 2000).

A few things about those citations might suggest that the three-strikes rule does not apply. The first is that the 1991 case was dismissed before the effective date of the PLRA. Even so, it still counts as a strike. *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998); *see also Swenson v. Pramstaller*, 169 F. App'x 449, 450 (6th Cir. 2006). The other is that the 2000 case involved multiple plaintiffs, only one of which was Cannon. But "[w]hen multiple prisoners are joined under Rule 20, strikes may still be incurred for an individual prisoner's portion of the case if all of that prisoner's claims are dismissed for failure to state a claim, regardless of the outcome of the other litigants' claims." *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 493–94 (6th Cir. 2012). And the Court has (through an archive request) reviewed the opinion in *Mease* and it is clear that Cannon's claim was dismissed for failing to state a claim. *See Mease v. Curtis*, No. 1:00-cv-00849, slip op. at 1, 5 (W.D. Mich. Nov. 29, 2000) (finding, save for one plaintiff, that allegations of strip searches were "too conclusory to state a claim").

So Cannon has three strikes. But, as noted, there is one exception to the rule: "the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Because Cannon alleged in his complaint that he had no prior suits that counted as a strike (R. 1, PID 12), he did not attempt to plead this exception. But the Court has reviewed Cannon's complaint and there is some indication of mental or emotional distress. He says that the misconduct by the Parole Board and by other defendants "ha[s] cause[d] plaintiff to seek mental treatment due to plaintiff having trust issue[s] to the point plaintiff do[es] not trust anybody without asking what's in it for them when someone offer[s] to help plaintiff[.]" (R. 1, PID 33.) And in a health-care request form attached to his complaint, Cannon told prison staff,

"I'm having sleepless nights, short-temper, sweating while trying to sleep, feel like I'm about to explode[;] I [am] having breathing trouble while just sitting down and it feels like someone is out to get me." (R. 1, PID 60.) Two weeks later, Cannon filed another health-care request: "I'm still having anxiety symptom[s] . . . . I had [to] take cold water and splash it on my face and use a cold face cloth and hold it over my to [*sic*] catch my breath." (R. 1, PID 61.)

These allegations and health-care requests do not establish "imminent danger of serious physical injury." Focusing just on the mental- and emotional-health symptoms, it is doubtful that they amount to "physical injury." *Sanders v. Melvin*, 873 F.3d 957, 959 (7th Cir. 2017) ("Physical problems can cause psychological ones, and the reverse, but [§ 1915(g)] supposes that it is possible to distinguish them."). As for physical manifestations, the Court is not convinced that "sleepless nights" and "breathing trouble" are "serious . . . injur[ies]." Moreover, the health-care requests were filed in May and June 2017 and Cannon's lawsuit was filed in December 2017. Things may have changed in six months and "the danger of serious physical injury must exist at the time the complaint is filed." *See Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (internal quotation marks omitted).

As Cannon has filed three suits before this one that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, and because Cannon has not adequately pled the imminent-danger exception to the three-strikes rule, Cannon's complaint is DISMISSED WITHOUT PREJUDICE. *See* 28 U.S.C. § 1915(g).

SO ORDERED.

Dated: April 18, 2018

s/Laurie J. Michelson
LAURIE J. MICHELSON
U.S. DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

       The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 18, 2018.

                                              s/Keisha Jackson
                                              Case Manager